ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR LETTER REQUESTING AN OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 DOES ARTICLE X, SECTION 6C OF THE OKLAHOMA CONSTITUTION ALLOW A MUNICIPALITY OR A MUNICIPAL INDUSTRIAL AUTHORITY TO ENTER INTO A TAX INCREMENT FINANCING ARRANGEMENT WHEREBY THE MUNICIPALITY OR THE MUNICIPAL INDUSTRIAL AUTHORITY AGREES TO REPAY TAX INCREMENT FINANCING BONDS WITHOUT FOLLOWING THE MANDATES OF ARTICLE X, SECTION 26(A) OF THE OKLAHOMA CONSTITUTION?
BECAUSE YOUR QUESTION CAN BE READILY ANSWERED BY REFERENCE TO THE OKLAHOMA CONSTITUTION AND A RECENT OKLAHOMA SUPREME COURT DECISION, THIS OFFICE HAS DECIDED TO RESPOND TO YOUR REQUEST FOR AN OPINION THROUGH THIS INFORMAL LETTER. THEREFORE, THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL BUT RATHER MY CONCLUSIONS THAT HAVE BEEN REACHED AFTER CAREFUL RESEARCH AND ANALYSIS OF THE QUESTIONS YOU HAVE RAISED.
GENERALLY, TAX INCREMENT FINANCING "IS A STATUTORY MECHANISM WHEREBY MUNICIPALITIES MAY DEDICATE FUTURE AD VALOREM TAX REVENUES FOR THE PAYMENT OF COSTS OF UNDERTAKING AND CARRYING OUT URBAN RENEWAL AND URBAN REDEVELOPMENT PROJECTS." MUSKOGEE URBAN RENEWAL AUTHORITY V. THE EXCISE BOARD OF MUSKOGEE COUNTY, 64 O.B.J. 1924 (JUNE 19, 1993). IN MUSKOGEE, THE OKLAHOMA SUPREME COURT EXAMINED AN ISSUE REGARDING TAX INCREMENT FINANCING SIMILAR TO THE ISSUE RAISED BY YOUR REQUEST. THE ISSUE WAS WHETHER THE OKLAHOMA LEGISLATURE, PURSUANT TO 11 O.S. 38-115 AND 11 O.S. 38-120 THROUGH 11 O.S. 38-123 (1991), COULD REQUIRE THE APPORTIONMENT OF AD VALOREM TAX REVENUES TO RETIRE A LONG TERM DEBT OF A MUNICIPALITY'S URBAN RENEWAL AUTHORITY WITHOUT FOLLOWING THE MANDATES OF ART. X, 26 OF THE OKLAHOMA CONSTITUTION. MUSKOGEE, 64 O.B.J. AT 1927.
ACCORDING TO THE COURT IN MUSKOGEE, ARTICLE X, SECTION 26 OUTLINES:
 "THE MANNER IN WHICH THE POLITICAL SUBDIVISIONS OF THIS STATE MAY VOLUNTARILY INCUR DEBTS THAT CANNOT BE PAID DURING THE FISCAL YEAR INCURRED: 1) THE DEBT MUST BE CERTIFIED AS BEING WITHIN THE POLITICAL SUBDIVISION'S DEBT LIMIT; 2) THE ANNUAL TAX TO BE LEVIED AND PLACED IN A SINKING FUND TO PAY THE INTEREST AND PRINCIPAL MUST BE PROPOSED OR IDENTIFIED TO THE VOTERS BEFORE OR AT THE TIME OF THE ELECTION; AND, 3) THE DEBT MUST BE AUTHORIZED BY THE VOTERS OF THE POLITICAL SUBDIVISION."
ID. AT 1928.
IN HOLDING THAT THE TAX INCREMENT FINANCING MECHANISM AND THE MANDATED APPORTIONMENT OF AD VALOREM TAX MILLAGE AND REVENUE GENERATED BY THE MILLAGE FOUND IN 11 O.S. 38-120 THROUGH 11 O.S. 38-123 VIOLATED THE PROVISIONS OF ARTICLE X, SECTION 26(A), THE COURT REASONED THAT THE LEGISLATURE "CANNOT CHART A DETOUR COURSE TO AVOID THE INSURMOUNTABLE CONSTITUTIONAL BARRIERS IMPOSED UPON OUR POLITICAL SUBDIVISIONS BY DIRECTING APPORTIONMENT OF AD VALOREM TAX REVENUES TO SPECIAL FUNDS OF THE MUNICIPALITIES FOR PAYMENT OF THE URBAN RENEWAL AUTHORITIES' DEBTS." ID. "THE INCONSISTENT POSITIONS REQUIRED OF A MUNICIPALITY TO FINANCE URBAN RENEWAL UNDER THE TAX INCREMENT ALLOCATION STATUTES DEMONSTRATE AN INTENT TO FRUSTRATE THE EXPRESS TERMS, INTENT AND MEANING OF ART. 10, 26." ID. AT 1929.
THE COURT ALSO DISCUSSED, BUT DID NOT CITE THEM AS A PART ITS HOLDING, THE PROVISIONS OF ARTICLE X, SECTION 6(C), PROVIDES, IN PERTINENT PART:
 "B. THE LEGISLATURE, BY LAW, MAY AUTHORIZE THAT THE CITIES, TOWNS, OR COUNTIES MAY SPECIFICALLY USE LOCAL TAXES AND LOCAL FEES, IN WHOLE OR IN PART, FOR SPECIFIC PUBLIC INVESTMENTS, ASSISTANCE IN DEVELOPMENT FINANCING, OR AS A SPECIFIC REVENUE SOURCE FOR OTHER PUBLIC ENTITIES IN THE AREA IN WHICH THE IMPROVEMENTS TAKE PLACE AND MAY DIRECT THE APPORTIONMENT OF THE TAXES AND FEES SPECIFIED IN THIS SUBSECTION FOR THE PURPOSES SPECIFIED IN THIS SECTION.
 C. THE LEGISLATURE, BY LAW, MAY AUTHORIZE ANY CITY, TOWN, OR COUNTY TO PLAN, FINANCE AND CARRY OUT THE DEVELOPMENT OR REDEVELOPMENT OF AREAS DETERMINED BY THE GOVERNING BODY OF SUCH CITY, TOWN, OR COUNTY TO BE UNPRODUCTIVE, UNDEVELOPED, UNDERDEVELOPED OR BLIGHTED. THE AUTHORITY OF THE COUNTY SHALL BE LIMITED TO THE UNINCORPORATED AREAS OF SUCH COUNTY BUT ANY CITY, TOWN OR COUNTY MAY BY AGREEMENT JOINTLY PLAN, FINANCE OR CARRY OUT A DEVELOPMENT PLAN WITH ANY OTHER PUBLIC OR PRIVATE ENTITY FOR ONE OR MORE DEVELOPMENT PROJECTS WITHIN THEIR RESPECTIVE BOUNDARIES."
OKLA. CONST. ARTICLE X, SECTION 6C.
IN ANALYZING THE DEBT LIMITS OF ARTICLE X, SECTION 26(A), THE COURT, IN A FOOTNOTE IN MUSKOGEE, REASONED THAT NO PROVISION IN ARTICLE. X, 26 "IMPLICITLY RESERVES TO THE LEGISLATURE THE POWER TO AUTHORIZE MUNICIPALITIES TO PAY DEBTS OTHER THAN THOSE INCURRED IN ACCORDANCE WITH THE REQUIREMENTS OF ART. 10, 26. ID. AT 1930 N.32. "LIKEWISE," ACCORDING TO THE COURT, "NOTHING IN THE RECENTLY ADOPTED 6C — PROVIDING THAT THE LEGISLATURE MAY AUTHORIZE CITIES, TOWNS AND COUNTIES TO USE PUBLIC REVENUE FOR URBAN RENEWAL AND DEVELOPMENT FINANCING AND DIRECT APPORTIONMENT OF AD VALOREM TAX FOR THOSE PURPOSES — IMPLIES AN INTENT TO CREATE AN EXCEPTION FROM THE DEBT LIMITATIONS IN ART. 10, 26 FOR URBAN RENEWAL OR DEVELOPMENT FINANCING." ID. "THIS IS PARTICULARLY SO IN VIEW OF THE VOTERS' RE-ADOPTION OF THE DEBT LIMITATIONS IN ART. 10, 26 IN NOVEMBER, 1992, TWO YEARS AFTER THE VOTERS ADOPTED 6C IN NOVEMBER, 1990." ID.
ALTHOUGH THE COURT DISCUSSES ARTICLE X, SECTION 6C IN A FOOTNOTE THAT IS NOT DISPOSITIVE OF THE CASE, THE ANALYSIS IN THE FOOTNOTE SPELLS DOOM FOR ANY FUTURE USE OF THE PROVISION IN CONJUNCTION WITH THE LEGISLATION THAT WAS PASSED PURSUANT TO IT, THE LOCAL DEVELOPMENT ACT, 62 O.S. 850 THROUGH 62 O.S. 869 (1992) ("ACT"), IF THE PROVISIONS OF ART. X, 26(A) ARE NOT FOLLOWED ALSO. UNDER THE ANALYSIS IN MUSKOGEE, THE PROVISIONS OF THE ACT CANNOT SAVE IT AS LONG AS IT AUTHORIZES DEBT FINANCING USING THE APPORTIONMENT OF AD VALOREM REVENUES WITHOUT FOLLOWING THE MANDATES OF ARTICLE X, SECTION 26(A).
IT SHOULD BE NOTED, HOWEVER, THAT THE CITY OF MUSKOGEE AND THE MUSKOGEE URBAN RENEWAL AUTHORITY HAVE PETITIONED THE COURT FOR REHEARING IN MUSKOGEE. SEVERAL FRIENDS OF THE COURT HAVE ALSO REQUESTED THAT THE COURT REMOVE FOOTNOTE THIRTY-TWO. THESE ISSUES HAVE BEEN BRIEFED ON REHEARING, AND THE COURT HAS YET TO ISSUE A FINAL MANDATE. TO THE EXTENT THE COURT MODIFIES ITS ORIGINAL DECISION ISSUED IN JUNE 1993, THIS OFFICE RESERVES THE RIGHT TO MODIFY THIS OPINION BASED UPON ANY CHANGES IN THE COURT'S ANALYSIS. I HAVE ENCLOSED A COPY OF THE JUNE 1993 DECISION FOR YOUR REVIEW.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED THAT:
 "ARTICLE X, SECTION 6C OF THE OKLAHOMA CONSTITUTION AND THE LOCAL DEVELOPMENT ACT, 62 O.S. 850 THROUGH 62 O.S. 869 DO NOT CREATE AN EXCEPTION TO THE DEBT LIMITS AND THE PROCEDURES FOR INCURRING DEBT FOUND IN ARTICLE X, SECTION 26(A) OF THE OKLAHOMA CONSTITUTION. A MUNICIPALITY OR A MUNICIPAL INDUSTRIAL AUTHORITY CANNOT ENTER INTO A TAX INCREMENT FINANCING ARRANGEMENT WHEREBY THE MUNICIPALITY OR THE MUNICIPAL INDUSTRIAL AUTHORITY AGREES TO REPAY TAX INCREMENT FINANCING BONDS WITHOUT FOLLOWING THE MANDATES OF ARTICLE X, SECTION 26(A) OF THE OKLAHOMA CONSTITUTION.
(BRETT ROBINSON)